IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOSEPH LEARVEAL STAUCH, III,   *
                                                *
    Plaintiff,   *
                                                *
vs.   *   CIVIL ACTION NO. 25-00461-JB-B
                                                *
HEATH JACKSON, *et al.*,   *
                                                *
    Defendants.   *

## REPORT AND RECOMMENDATION

This action is before the Court on review.[1] Plaintiff Joseph Learveal Stauch, III ("Stauch"), an Escambia County Jail inmate proceeding *pro se* and *in forma pauperis*, filed an amended complaint seeking relief under 42 U.S.C. § 1983. (Doc. 16). After careful review of Stauch's amended complaint, it is recommended that this action be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### I.    BACKGROUND

Stauch filed this action in the Middle District of Alabama on July 8, 2025.[2] (Doc. 1). The case was subsequently transferred

---

[1] This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R).

[2] Under the mailbox rule, a *pro se* prisoner's § 1983 complaint is deemed filed on the date he delivers it to prison officials. Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993). Absent evidence to the contrary, the date of delivery is presumed to be

to the Southern District of Alabama in November 2025.  (Docs. 11, 12).

In an order dated November 14, 2025, the undersigned observed that Stauch's initial complaint was not on the form required by this Court for a prisoner complaint under 42 U.S.C. § 1983.  (Doc. 13 at 1).  Accordingly, the undersigned directed Stauch to file an amended complaint on this Court's required form complaint for a § 1983 prisoner action.  (Id.).  In the order to amend, the undersigned informed Stauch of the general pleading requirements for a complaint in federal court, and more specifically what is needed to state a claim under 42 U.S.C. § 1983.  (Id. at 2-3).  The undersigned reminded Stauch that he could not use this § 1983 action to challenge the fact or duration of his confinement or to seek immediate or earlier release from custody.  (Id. at 3-4).  And the undersigned informed Stauch that Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny barred him from seeking damages for allegedly unconstitutional conviction or imprisonment unless the conviction or sentence in question been overturned or invalidated.  (Id. at 4).  On January 7, 2026, Stauch timely filed

---

the date the prisoner signed the complaint.  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Stauch's initial complaint in this action indicates that it was signed on July 8, 2025.  (See Doc. 1 at 14).  Although the complaint listed Stauch's home address, online court records and inmate records reflect that Stauch was incarcerated at the time of this action's filing.  Accordingly, the undersigned assumes that Stauch's initial complaint was filed on July 8, 2025.

an amended complaint on this Court's § 1983 prisoner complaint form.  (Doc. 16).  The amended complaint is now Stauch's operative pleading in this action.

In the amended complaint, Stauch names as Defendants Heath Jackson ("Jackson"), the Sheriff of Escambia County, Alabama, and Kevin Durden ("Durden"), the "Lead Investigator" at the Escambia County Sheriff's Office.  (Id. at 1, 5).  Stauch complains of an "illegal search" search of his home that took place on October 19, 2021.  (Id. at 4).  Stauch alleges:

> The Escambia County Sheriff's officers came to my house . . . with an application for search warrant without judge signature.  Removed items from me and put false charges on me on 10-19-2021.  Removed the hard drive to exterior cameras, receiver box to cameras.  And removed tin that I paid for and used my trailer to remove tin with an illegal search warrant.  Where I and my family suffered great humiliation, embarrassment and mental suffering as a result of the agents unlawful conduct.  Loss of money for time in jail, attorney's fees and money back for filing civil suit.  Loss of garment, took my mother's firearm, slander of character, harassment, loss of business.  Took valuable coins that I had been collecting for years that they stole from me.

(Id. (cleaned up)).

Stauch describes his claim(s) against Defendant Jackson as: "Illegal search and malicious prosecution unreasonable search and seizures."  (Id. at 5 (cleaned up)).  In support of these claims, Stauch states: "Got picture and copies of Search Warrant Return Inventory and report of incident."  (Id. (cleaned up)).  Stauch describes his claim(s) against Defendant Durden as: "Illegal

3

searches search warrant was false never was it signed by a magistrate or judge." (Id. (cleaned up)). In support of these claims, Stauch states: "Got paperwork with his signature on it sign the fake search warrant. 10-19-2021 was the Lead Investigator with his agents unlawful conduct harassment, humiliation and family suffering mental." (Id.).

Stauch seeks the following relief: "Pay for lost money damage of home, attorney fees, and officers be suspended without pay for a month or terminated for undermining the integrity of public trust placed upon them that's associated with his badge of honor. So he'll never abuse his authority on a human being again. Reimbursed for all damages cost and lost wages." (Id. at 7 (cleaned up)).

## II.  LEGAL STANDARDS

Because Stauch is proceeding *in forma pauperis* and is a prisoner suing officers or employees of a governmental entity, the Court has conducted an initial screening review of his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* prisoner action if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Similarly, under § 1915A(b), a court must dismiss a prisoner's complaint against a governmental entity or official if the complaint is frivolous,

4

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id. at § 1915A(b)(1)-(2).

A claim is frivolous under these provisions "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted).  A court may conclude a claim has little or no chance of success when the claim is "based on an indisputably meritless legal theory," or when its "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A claim is frivolous as a matter of law if it is clear the defendant is immune from suit, id., if the plaintiff claims infringement of a legal right that clearly does not exist, id., or if an affirmative defense, such as a statute of limitations, would defeat the claim. Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 & n.2 (11th Cir. 1990).

Dismissals for failure to state a claim under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6).  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A complaint does not require detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Additionally, when a successful affirmative defense appears on the face of a complaint, dismissal for failure to state a claim is warranted. Jones v. Bock, 549 U.S. 199, 215 (2007).

Pro se pleadings such as Stauch's amended complaint "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (citation and

6

internal quotation marks omitted).  A *pro se* litigant is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

Stauch appears to be asserting several claims for relief under 42 U.S.C. § 1983, which provides a private cause of action against persons acting under color of state law for violations of constitutional rights and other federal laws.  See 42 U.S.C. § 1983.  To state a claim for relief under § 1983, Stauch must allege sufficient facts to show that (1) a person acting under color of state law (2) deprived him of a right secured under the United States Constitution or federal law.  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

Stauch generally fails to connect his factual allegations to the actions of any particular defendant.  Liberally construed, however, the amended complaint appears to assert the following claims against Defendants Jackson and Durden under § 1983: Fourth Amendment claims arising from the allegedly unlawful search of his residence pursuant to an invalid search warrant; Fourth Amendment claims arising from the seizure or theft of his personal property during the search; and Fourth Amendment claims arising from his arrest and prosecution as a result of the search.

7

### A.  Supervisory Liability Claim Against Sheriff Jackson

As an initial matter, the Court notes that Stauch has named Sheriff Heath Jackson and Lead Investigator Kevin Durden as the Defendants in this action, but his complaint contains no particular allegations relating to Jackson and there is no indication that Jackson was personally involved in the constitutional deprivations alleged in the complaint.  Instead, Stauch appears to have named Jackson as a defendant solely because he holds a supervisory position as the Sheriff of Escambia County, Alabama.

It is well established, however, that public officials in supervisory positions cannot be held vicariously liable under § 1983 for the acts of their subordinates.  See Goebert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007) (noting that there is no "vicarious liability, including respondeat superior, in § 1983 actions").  To hold a supervisory defendant liable under § 1983, a plaintiff "must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014).  A causal connection can be established in various ways.  First, the plaintiff may show that there was a history of widespread abuse which put the responsible supervisor on notice of the need to correct the alleged deprivation, and that the supervisor failed to do so.  Id.  Second, the plaintiff may

8

show that a policy or custom put in place by the supervisor resulted in deliberate indifference to his constitutional rights. Id.  Or third, a plaintiff may allege facts which support an inference that the supervisor directed the subordinates to act unlawfully, or that the supervisor knew that the subordinates would act unlawfully and failed to stop them from doing so.  Id.  "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. at 1298-99 (citation and internal quotation marks omitted).

Stauch's complaint is devoid of any facts showing personal participation by Sheriff Jackson or a causal connection between Jackson's actions, orders, customs, or policies and the claimed deprivations of his constitutional rights.  Instead, Stauch indicates that the alleged "illegal search" of his home was conducted by Defendant Durden and unidentified "agents."  Because it fails to sufficiently allege a causal connection between Sheriff Jackson's actions or omissions and the alleged illegal search and related actions on the part of Durden or other "agents," Stauch's amended complaint fails to state a claim upon which relief may be granted against Jackson under § 1983.

## B.  Requested Injunctive Relief

In addition to monetary damages, Stauch's amended complaint seeks injunctive relief in the form of "officers be[ing] suspended without pay for a month or terminated."  (Doc. 16 at 7).  However,

9

this is not a type of injunctive relief this Court can grant. "Although federal courts have the power to order state and local officials to comply with the U.S. Constitution, they lack the power to order those officials to take certain disciplinary actions against employees." Hutchins v. Billy Clark Bail Bonds, Inc., 2022 U.S. Dist. LEXIS 227949, at *10, 2022 WL 17812456, at *4 (N.D. Fla. Nov. 8, 2022) (finding court lacked the authority to order sheriff to terminate deputy's employment), report and recommendation adopted, 2022 U.S. Dist. LEXIS 227305, 2022 WL 17811967 (N.D. Fla. Dec. 19, 2022); see Easley v. Shelby Cnty. Jail, 2024 U.S. Dist. LEXIS 27346, at *25 n.14, 2024 WL 647808, at *10 n.14 (N.D. Ala. Jan. 19, 2024) ("The suggestion the Deputy Wynn's employment should be terminated could be construed as a request for injunctive relief. But that is not a type of injunctive relief a federal court can grant."), report and recommendation adopted, 2024 U.S. Dist. LEXIS 26605, 2024 WL 646353 (N.D. Ala. Feb. 15, 2024); Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977)[3] ("[F]ederal courts have no authority to . . . to fire state employees."), rev'd on other grounds sub nom., Alabama v. Pugh, 438 U.S. 781 (1978). Therefore, Stauch's request for injunctive relief in the form of Defendants' termination or

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

suspension from employment is due to be dismissed for failing to state a claim upon which relief may be granted.

### C.    Fourth Amendment Illegal Search and Seizure Claims

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam) (citation and internal quotation marks omitted).  In Alabama, the statute of limitations period for filing a § 1983 action is two years.  Jones v. Preuit & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).

Although courts look to state law for the length of the limitations period, the date on which the statute of limitations period for a § 1983 claim begins to run is a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  The statute of limitations period for a claim under § 1983 "begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'"  Nicholson v. Nathan Smoots, S.A., 2023 U.S. App. LEXIS 5530, at *7, 2023 WL 2401329, at *3 (11th Cir. Mar. 8, 2023) (per curiam) (quoting Wallace, 549 U.S. at 388). "Under the discovery rule, an action accrues when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Id. (quoting Rozar v. Mullis, 85 F.3d 556, 561-62 (11th Cir.

1996)).  Thus, a cause of action under § 1983 accrues, and the statute of limitations begins to run, when the plaintiff knows or has reason to know of his injury and who has inflicted the injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003).

A cause of action for damages under § 1983 for allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated.  Heck, 512 U.S. at 489-90.  "Such an action, if brought prior to invalidation of the conviction or sentence challenged, must therefore be dismissed as premature."  Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam).

"Because an illegal search . . . may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction."  Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal citation omitted).  However, "[t]his Circuit disfavors a categorical approach that excludes all unlawful entry, search, and seizure claims from Heck's accrual bar."  Smitherman v. Quaintance, 2024 U.S. Dist. LEXIS 223772, at *5, 2024 WL 5078008, at *2 (M.D. Fla. Dec. 11, 2024).  Instead, it "employs a more nuanced, fact-based approach" to determining whether the Heck bar applies to such claims.  Id.; see, e.g., Covington v. Smith, 2022 U.S. App. LEXIS 26364, at *7, 2022 WL 4363310, at *3 (11th Cir. Sept. 21, 2022) (per curiam) (noting that "it is possible

12

that Heck bars a claim at this time for the allegedly illegal search and seizure" but finding that "[w]ithout more information, [the court] cannot determine with any certainty whether Heck bars [plaintiff] from bringing his illegal search and seizure claim at this time").

Here, the Court cannot conclude from the limited information currently available that Stauch's Fourth Amendment claims for the illegal search of his residence and unlawful seizure of his property are barred by Heck.  However, to the extent they survive the Heck bar, Stauch's § 1983 claims arising from the allegedly illegal search of his residence and the unlawful seizure or deprivation of his property resulting from that search are barred by the two-year statute of limitations.

"A cause of action based on an illegal entry and search accrues when the plaintiff learns of the entry and search." Brady v. Walsh, 2022 U.S. Dist. LEXIS 104300, at *3-4, 2022 WL 2104292, at *2 (M.D. Fla. June 10, 2022); see Villalona v. Holiday Inn Express & Suites, 824 F. App'x 942, 946 (11th Cir. 2020) (per curiam) (holding that plaintiff's § 1983 claims arising from the entrance and search of his hotel room by law enforcement officers accrued when plaintiff "became aware of the entry and search"); Frederick v. Bondi, 2018 U.S. Dist. LEXIS 105322, at *3, 2018 WL 3105460, at *2 (M.D. Fla. June 25, 2018) ("[A] claim for an illegal search accrues on the date the search was conducted."); Giddens v.

13

Lawson, 734 F. App'x 706, 710 n.4 (11th Cir. 2018) (per curiam) ("The claims against the officers who executed the search warrant accrued when the search occurred in 2009."). Similarly, a claim for deprivation of property through illegal search and seizure accrues on the date the plaintiff knows of has reason to know of the seizure. See Rowe v. City of Fort Lauderdale, 8 F. Supp. 2d 1369, 1373 (S.D. Fla. 1998) ("[A]ny suit for improper seizure of [plaintiff's] property necessarily accrued at the time of the seizure."); Bennett v. Farlow, 2026 WL 1079841, at *4 (N.D. Ala. Apr. 21, 2026) ("Claims for unlawful seizure of property accrue when the plaintiff knows of the seizure."); Sanders v. Beck, 2018 U.S. Dist. LEXIS 154751, at *5-6, 2018 WL 4326860, at *3 (N.D. Fla. Aug. 23, 2018) ("Regarding Plaintiff's claims of illegal search and seizure, Plaintiff also knew of or had reason to know he was illegally searched and his property illegally seized from his person when those searches and seizures occurred in 2012. . . . Therefore, these claims accrued in 2012."), report and recommendation adopted, 2018 U.S. Dist. LEXIS 153719, 2018 WL 4326812 (N.D. Fla. Sept. 10, 2018); Holt v. Valls, 395 F. App'x 604, 606 (11th Cir. 2010) (per curiam) ("Because Holt filed this lawsuit . . . more than two years after the alleged unlawful seizure of his property on March 20, 2006, the Fourth Amendment claim he raises is barred by the statute of limitations.").

14

It is clear from Stauch's pleadings that he was aware of the search of his residence on October 19, 2021.[4]  And nothing suggests that he was ignorant of the seizure of his property as a result of the search.  On the contrary, Stauch's initial pleading included the search warrant return inventory left by law enforcement on the date of the search, which listed various items seized, including a trailer with tin sheets, firearms, and ammunition.  (Doc. 1-1 at 5-7).  Thus, Stauch's § 1983 Fourth Amendment claims for the illegal search of his residence and unlawful seizures resulting from that search accrued on October 19, 2021, the date on which the search was conducted and the seizures occurred.  Because Stauch did not file his initial complaint in this case until July 8, 2025, his illegal search and seizure claims are barred by the two-year statute of limitations.  Accordingly, those claims are due to be dismissed for failing to state a claim upon which relief may be granted.

**D.    False Arrest or False Imprisonment**

Although Stauch does not directly indicate that he is bringing § 1983 claims for false arrest or false imprisonment, the Court addresses such claims out of an abundance of caution given his

---

[4] In his initial complaint, Stauch made clear that he was present at the time of the search, alleging that law enforcement "made us go outside while the search" was conducted.  (Doc. 1 at 10).

15

allegations that officers "put false charges" on him on October 19, 2021.  (See Doc. 16 at 4).

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."  Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020); see Wallace v. Kato, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process* . . . .") (emphasis in original).  "False arrest and false imprisonment overlap; the former is a species of the latter."  Id. at 388.  "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges."  Id. at 389 (emphasis in original).  Thus, claims for false arrest or imprisonment "accrue when either the seizure ends or the plaintiff is held pursuant to legal process."  Williams, 965 F.3d at 1158.  "Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process."  Wallace, 549 U.S. at 390 (emphasis in original).

Although Stauch's amended complaint provides little factual detail, a review of the dockets in Stauch's relevant state-court

16

criminal cases[5] reveals the following: On January 3, 2022, Defendant Durden personally appeared before a magistrate in Escambia County, Alabama, to lodge complaints for arrest warrants for Stauch.  Alabama v. Stauch, 30-DC-2022-000069.00 ("DC-2022-69"), Doc. 2 at 1; Alabama v. Stauch, 30-DC-2022-000070.00 ("DC-2022-70)", Doc. 2 at 1.  Durden swore that he "ha[d] probable cause for believing, and d[id] believe that" Stauch had committed the felony offenses of second-degree theft of property and third-degree criminal trespass.  DC-2022-69, Doc. 2 at 1; DC-2022-70, Doc. 2 at 1.  With respect to the latter offense, Durden averred that "on or about 9/4/21-10/5/21," Stauch "knowingly enter[ed] or remain[ed] in or upon the premises of Stanley Woods and Kennedy Woods located at 284 Debrow Road in Brewton, Escambia County, Alabama."  DC-2022-70, Doc. 2 at 1.  As to the former offense, Durden averred that "on or about 9/4/21-10/5/21, while at or near 284 Debrow Road in Brewton Escambia County, Alabama," Stauch "knowingly obtain[ed] or exert[ed] unauthorized control over . .

---

[5] This Court may take judicial notice of online state court docket entries in state court proceedings. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 652-53 (11th Cir. 2020) (per curiam); Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1075 n.9 (11th Cir. 2013) (taking judicial notice, at the motion-to-dismiss stage, of "court documents from [a] state eviction action"); Haywood v. Green, 695 F. Supp. 3d 1315, 1321 & n.3 (N.D. Ala. 2023) (taking judicial notice of plaintiff's Alabama state court criminal records in screening complaint pursuant to 28 U.S.C. § 1915A).  Accordingly, the undersigned has reviewed Stauch's relevant state court criminal cases on Alacourt, Alabama's online court records database, available at https://v2.alacourt.com.

17

. tin metal sheets belonging to Stanley Woods and Kennedy Woods" which were valued at $2,000.  DC-2022-69, Doc. 2 at 1 (cleaned up).  On January 3, 2022, the magistrate issued warrants for Stauch's arrest, which listed Durden as the complainant.  DC-2022-69, Doc. 2 at 2; DC-2022-70, Doc. 2 at 2.  The arrest warrants were executed on January 5, 2022, and Stauch was placed in the Escambia County Jail and then released on a consolidated appearance bond.  DC-2022-69, Doc. 2 at 2-3; DC-2022-70, Doc. 2 at 2-3.  In March 2022, the two cases were waived to the grand jury.  On April 26, 2022, the grand jury issued an indictment charging Stauch with second-degree theft of property in count one and third-degree criminal trespass in count two.  Alabama v. Stauch, 30-CC-2022-000235.00 ("CC-2022-235"), Doc. 1 at 1-2.  On March 4, 2026, Stauch pleaded guilty to the lesser-included offense of fourth-degree theft of property, the trespass charge in count two was nolle prossed on the motion of the State, and the court sentenced Stauch to term of twelve months in the county jail to run concurrently with his other sentences.  CC-2022-235, Doc. 119.

As noted above, a claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests, while a malicious prosecution claim requires a seizure pursuant to legal process.  Williams, 965 F.3d at 1158.  Here, Alabama court records reflect that Durden arrested Stauch pursuant to an arrest warrant, which constitutes legal

18

process.  See Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) ("Given that [plaintiff] was arrested pursuant to a warrant, the district court properly concluded that [plaintiff's] only available claim against [defendant] under § 1983 was for malicious prosecution. . . . The issuance of a warrant . . . constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest.").  Therefore, Stauch's allegations regarding the seizure of his person appear to express malicious prosecution claims rather than false imprisonment or false arrest claims.  See Haywood v. Green, 695 F. Supp. 3d 1315, 1323 (N.D. Ala. 2023).

However, to the extent the amended complaint could be construed to assert a cause of action for false arrest or imprisonment, such claim would be time barred.  Stauch was arrested on January 5, 2022, on the basis of two warrants that charged him with criminally trespassing onto the property of Stanley and Kennedy Woods and stealing tin metal sheets belonging to Stanley and Kennedy Woods.  It is clear that the arrest warrants constituted legal process.  See Carter, 557 F. App'x at 906. Therefore, any false imprisonment or arrest claim stemming from the October 2021 search of Stauch's residence accrued when Stauch became held pursuant to legal process in January 2022, more than three years before the commencement of this action.  Accordingly,

19

any false imprisonment or false arrest claim under § 1983 is barred by the two-year statute of limitations and is due to be dismissed for failing to state a claim upon which relief may be granted.

### E.    Malicious Prosecution

Both the label and the substance of Stauch's § 1983 claims concerning the seizure of his person indicate that he is bringing claims for malicious prosecution, which is "'shorthand' for a claim of deprivation of liberty pursuant to legal process." Laskar v. Hurd, 972 F.3d 1278, 1292 (11th Cir. 2020).

To state a malicious prosecution claim under § 1983, Stauch must show "that he suffered a seizure pursuant to legal process that violated the Fourth Amendment, and satisfy the elements of the common law tort of malicious prosecution." Luke v. Gulley, 975 F.3d 1140, 1143 (11th Cir. 2020) (internal citations and quotation marks omitted). Noting the "significant overlap" that exists between a Fourth Amendment violation pursuant to legal process and a common law malicious prosecution claim, the Eleventh Circuit has streamlined the standard for a Fourth Amendment malicious prosecution claim into two elements: "the plaintiff must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor." Id. at 1143-44. The favorable termination requirement "functions as a rule of accrual, not as a criterion for determining whether

20

a constitutional violation occurred." Laskar, 972 F.3d at 1292. A plaintiff can satisfy the favorable termination element of a Fourth Amendment malicious prosecution claim by showing that the criminal proceedings against him formally ended "in a manner not inconsistent with his innocence on at least one charge that authorized his confinement." Id. at 1295.

In the amended complaint, Stauch labels the charges against him as "false" and the underlying search warrant and search "false" and "illegal." (See Doc. 16 at 4-5). However, Stauch does not allege that the criminal proceedings referenced in the amended complaint terminated in his favor. See Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008) (per curiam) ("To state a cause of action for malicious prosecution, a plaintiff must prove that the underlying criminal proceeding terminated in his favor."). Nor does it appear that Stauch could plausibly do so, given that he entered into a negotiated plea to the lesser-included offense of fourth-degree theft of property, with the related criminal trespass charged being nolle prossed as part of the plea agreement. See Hoffman v. Beseler, 760 F. App'x 775, 779 n.6 (11th Cir. 2019) (per curiam) ("Hoffman claims that the dismissal of some charges against her constitutes a judgment in her favor. However, these claims were dismissed as a part of a plea agreement with the state prosecutors, which means that they were not terminated in her favor."); Hoffman v. Off. of State Att'y, Fourth Jud. Cir., 793 F.

App'x 945, 955 (11th Cir. 2019) (per curiam) ("As to Hoffman, the plaintiffs contend that the court failed to recognize that two of her charges were dismissed.  But these charges were dismissed as part of a plea agreement with the state prosecutors, under which she agreed to plead guilty to misdemeanor petit theft.  Because the proceeding against Hoffman ended due to bargaining that resulted in a guilty plea to a lesser-included offense, she cannot establish the element of 'bona fide termination' in her favor."); Curry v. Alabama, 2023 U.S. Dist. LEXIS 231875, at *17-18, 2023 WL 9103056, at *8 (N.D. Ala. Nov. 14, 2023) ("The fact that the domestic violence charge was dismissed pursuant to a plea agreement does not constitute a termination in Curry's favor."), report and recommendation adopted, 2024 U.S. Dist. LEXIS 1911, 2024 WL 54737 (N.D. Ala. Jan. 4, 2024); Tribble v. Tenety, 2023 U.S. Dist. LEXIS 73601, at *3-4, 2023 WL 11980337, at *2 (N.D. Ga. Apr. 27, 2023) ("Plaintiff's state court records indicate that on December 22, 2022, Plaintiff entered into a negotiated plea to a lesser included offense of possession with the intent to distribute heroin, and the remaining charges against him were dismissed. . . . Contrary to Plaintiff's argument, however, his plea does not constitute a 'favorable termination.'"), report and recommendation adopted, 2023 U.S. Dist. LEXIS 244301, 2023 WL 11980335 (N.D. Ga. May 17, 2023); cf. Chatman v. Pizitz, Inc., 429 So. 2d 969, 971-72 (Ala. 1983).  Accordingly, Stauch's Fourth Amendment claims under § 1983

22

for malicious prosecution are due to be dismissed for failure to state a claim upon which relief can be granted.[6]

F.    Leave to Amend

While a *pro se* plaintiff should generally be given at least one chance to amend his complaint before dismissal of the action, courts are not required to grant leave to amend where amendment would be futile.  Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

As detailed above, it is facially apparent that Stauch's Fourth Amendment claims under § 1983 arising from the allegedly illegal search of his residence in October 2021 and the unlawful seizure of his property through that search are time-barred by the two-year statute of limitations, as are any claims for false arrest or imprisonment stemming from that search.  Further, Stauch fails to state a claim upon which relief may be granted for malicious prosecution under either § 1983 or Alabama law because he does not

---

[6] To the extent Stauch is asserting a claim under Alabama law for the common-law tort of malicious prosecution, he likewise fails to state a claim upon which relief can be granted because he does not allege that the criminal proceedings against him terminated in his favor.  See, e.g., Delchamps, Inc. v. Bryant, 738 So. 2d 824, 831–32 (Ala. 1999) (noting that a malicious prosecution claim under Alabama law requires "that the prior proceeding ended in favor of the present plaintiff").

allege that the relevant criminal proceedings terminated in his favor, and it does not appear that he could plausibly make such an allegation given the recent disposition of his criminal case.[7] Thus, it appears that any attempted amendment would be futile.

## IV.   CONCLUSION

For the reasons stated above, it is recommended that this action be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for Stauch's failure to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

---

[7] If Stauch disputes the Court's finding that he cannot plausibly allege that the relevant criminal proceedings terminated in his favor, he must set forth in an objection to this report and recommendation the reasons for his belief that he can satisfy the favorable termination requirement for his malicious prosecution claims.

24

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.   In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.   An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **24th** day of **April, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

25